**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIMON ABADI, On Behalf of Himself and All Others Similarly Situated, | )<br>)<br>)  Civil Action No. 14-CV-9006 (AKH)(FM)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| AMERICAN REALTY CAPITAL PROPERTIES, INC., NICHOLAS S. SCHORSCH, DAVID S. KAY, PETER M. BUDKO, BRIAN S. BLOCK, LISA E. BEESON, WILLIAM M. KAHANE, EDWARD M. WEIL, JR., LESLIE D. MICHELSON, EDWARD G. RENDELL, and SCOTT J. BOWMAN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR APPOINTMENT OF PLAINTIFF SIMON ABADI AS**
**LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

# TABLE OF CONTENTS

I.   INTRODUCTION, FACTUAL BACKGROUND, AND RELATED LITIGATION IN OTHER JURISDICTIONS ...................................................................1

       The Delaware Litigation ........................................................................................2

       The Baltimore Litigation.......................................................................................3

II.  SIMON ABADI SHOULD BE APPOINTED LEAD PLAINTIFF ..................................4

    A.  Movant's Motion Is Timely .................................................................................5

    B.  Movant Has the Requisite Financial Interest in the Action's Resolution and the Relief Sought by the Class ......................................................................5

    C.  Movant Meets the Requirements of Rule 23 of the Federal Rules of Civil Procedure .............................................................................................................6

        1.  The Typicality Requirement ......................................................................6

        2.  The Fair and Adequate Representation Requirement .................................7

III. WEISSLAW SHOULD BE APPROVED TO SERVE AS LEAD COUNSEL.................7

IV.  CONCLUSION...............................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*In re Ivan F. Boesky Sec. Litig.*,
    948 F.2d 1358 (2d Cir. 1991).................................................................................. 3

*Linn v. Allied Irish Banks, PLC*,
    No. 02 Civ. 1738 (DAB), 2004 WL 2813133 (S.D.N.Y. Dec. 8, 2004) ............................ 6, 7

**STATUTES**

15 U.S.C. §78u................................................................................................... passim

**RULES**

Fed. R. Civ. P. Rule 23 ......................................................................................... passim

Plaintiff Simon Abadi ("Plaintiff" or "Movant") submits this memorandum of law in support of his motion for appointment as Lead Plaintiff and approval of his counsel, WeissLaw LLP ("WeissLaw"), as Lead Counsel in the above-captioned Action (the "Motion").

## I.   INTRODUCTION, FACTUAL BACKGROUND, AND RELATED LITIGATION IN OTHER JURISDICTIONS

Plaintiff commenced this action on November 12, 2014 on behalf of himself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, seeking to pursue remedies under the strict liability provisions of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 on behalf of a Class consisting of all persons who exchanged shares of Cole Real Estate Investments, Inc. ("CREI" or "Cole") common stock for shares of American Realty Capital Properties, Inc. ("ARCP" or "the Company") common stock in connection with the Merger of the two companies and pursuant to the December 23, 2013 Merger Registration Statement (the "Registration Statement") and Joint Proxy Statement/Prospectus and continued to hold the ARCP shares through October 28, 2014 (the "Class").[1]

As more fully set forth in Plaintiff's complaint, on October 29, 2014, ARCP revealed that the Registration Statement and Proxy were materially false and misleading.  It disclosed that, contrary to its prior representations and covenants in these documents and in the October 22, 2013 Merger Agreement, it lacked proper and effective financial reporting controls and procedures and that its previously issued financial statements and communications for 2013

---

[1] This Action is related to and should be coordinated with other actions brought by shareholders who purchased shares of ARCP common stock on the open market or in a May 21, 2014 Secondary Offering of ARCP shares.  However, this Action should not be consolidated with those actions and this Action should have its own Lead Plaintiff and Lead Counsel because, unlike those actions, this Action arises out of a specific materially false and misleading Registration Statement giving rise to strict liability claims and a demand for rescission of the Merger, which is in the interest of former Cole shareholders but may not be in the interest of ARCP shareholders.

(including those contained in the Registration Statement and Proxy and relied upon by CREI's Board of Directors and executives, its shareholders and its investment banker in issuing a fairness opinion) and the financial statements and communications for the first two quarters of 2014 "should no longer be relied upon."

ARCP's October 29 disclosure revealed that its own Audit Committee believes that the financial statement misrepresentations were "intentionally made" and "intentionally not corrected."  It also disclosed that ARCP's Chief Financial Officer and Chief Accounting Officer "had key roles in the preparation of those financial statements" and are no longer with the Company.   ARCP is "re-evaluating its financial reporting controls and procedures" and its investigation is "ongoing" and "could identify further required adjustments. . . . The Company will restate prior financial statements and amend its prior periodic filings to the extent required." (Subsequently, ARCP announced that its Executive Chairman, Defendant Nicholas S. Schorsch, its Chief Executive Officer, Defendant David S. Kay, and its Chief Operating Officer, Lisa E. Beeson, had resigned and that the Company will be unwinding all of its relationships with entities in which Schorsch maintains an executive or director-level role or is a significant stockholder.)

**The Delaware Litigation**

On November 11, 2014, ARCP filed a complaint in the Court of Chancery of the State of Delaware (the "Delaware litigation") against RCS Capital Corp. ("RCS"), seeking specific performance by RCS of a $700 million agreement to purchase ARCP's outstanding equity interests in Cole Capital Partners, LLC and Cole Capital Advisors, Inc., interests which ARCP acquired from Cole.  RCS terminated the agreement after the October 29 disclosure because of a loss of confidence in the effectiveness of ARCP's internal accounting controls and procedures, notwithstanding that ARCP and RCS Capital shared the same Chairman and were located on the

same floor in an office building in Manhattan.  Plaintiff Simon Abadi moved to intervene in the Delaware litigation in order to avoid prejudice to him and the putative Class in this action by the sale of the Cole entities to RCS, and the frustration of the rescission remedy, before there is a determination by this Court as to whether the ARCP/Cole Merger should be rescinded.  He was the only former Cole shareholder to do so.  Merely hours before oral argument was scheduled to take place on Plaintiff's Motion to Intervene, which had been fully briefed, ARCP and RCS announced that they had agreed to terminate the purchase agreement and settle the Delaware litigation in return for a payment of $60 million by RCS to ARCP.

### The Baltimore Litigation

Moreover, Mr. Abadi filed the first Objection in the Circuit Court of Baltimore City, Maryland, two weeks before any other objections were filed, in connection with the proposed settlement of an action entitled Potage v. Cole, C.A. No. 24-C-13-006665 (the "Baltimore litigation"), to the scope of a proposed Release of any and all claims, including federal securities laws claims, by former Cole shareholders against the defendants in this federal Action.  The proposed Release would have prejudiced the putative Class in this action by wiping out all of their claims.  The Baltimore litigation had been brought by Cole shareholders when the ARCP/Cole Merger was announced and contested the fairness of the terms of the Merger transaction.  Mr. Abadi's counsel, WeissLaw, led the oral argument in a full day hearing in objection to the scope of the proposed Release.  The Baltimore Court has not yet ruled on the objections.

Being appointed Lead Plaintiff or Lead Counsel carries with it significant responsibilities to ensure adequate representation of the absent class members' interests.  *See generally In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1365 (2d Cir. 1991) ("Of course, authority to negotiate

for all classes carries with it responsibilities.").[2]  As detailed herein, by the filing of a thorough and well drafted complaint; moving to intervene in the Delaware litigation and protect the interests and remedies of the putative Class herein; leading the objections in the Baltimore litigation; and making service of the summons and complaint on all of the defendants in New York, Connecticut, and Virginia, Plaintiff Simon Abadi and WeissLaw have already demonstrated that they are best qualified to handle these responsibilities as Lead Plaintiff and Lead Counsel and ensure that the interests of  former Cole shareholders are adequately represented in the Action.  Accordingly, Movants' Motion should be granted.

## II.    <u>SIMON ABADI SHOULD BE APPOINTED LEAD PLAINTIFF</u>

In evaluating the merits of competing lead plaintiff motions, the PSLRA provides that the Court shall adopt a rebuttable presumption that the party "most capable of adequately representing the interests of class members" is the "person or group of persons that --

(aa) has either filed the complaint or made a motion in response to a notice …;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15  U.S.C.  §78u-4(a)(3)(B)(iii)(I).    Consideration  of  these  factors  demonstrates  that  the appointment of Mr. Abadi as Lead Plaintiff is in the best interests of the putative Class and should be approved by the Court.

---

[2] Here, as throughout, all emphasis is deemed added and citations and footnotes are deemed omitted unless otherwise noted.

**A.      Movant's Motion Is Timely**

The PSLRA-required notice was published more than 15 times, commencing on October 30, 2014, by law firms who filed actions.  Plaintiff Abadi published notice on December 1, 2014. More than 50 additional "notices" were published by law firms that did not file an action but were purportedly "investigating" the claims filed by other firms on behalf of actual plaintiffs. The notices advised potential class members of (i) the pendency of the actions; (ii) the claims asserted therein; (iii) proposed class periods; and (iv) the right to move the Court to be appointed lead plaintiff  by December 29, 2014.  15 U.S.C. §78u-4(a)(3)(A). *See* Declaration of Joseph H. Weiss in Support of Motion for Appointment of Plaintiff Simon Abadi as Lead Plaintiff and Approval of Lead Counsel ("Weiss Decl."), Ex. A.

Accordingly, Movant's Motion is timely and he is therefore entitled to be considered for appointment as Lead Plaintiff.

**B.      Movant Has the Requisite Financial Interest in the Action's Resolution and the Relief Sought by the Class**

Mr. Abadi and his children owned 2,085 shares of Cole common stock which were exchanged for shares of ARCP common stock pursuant to the materially false and misleading Registration Statement in the Merger.  Mr. Abadi and his children continue to own their ARCP shares.  Mr. Abadi's significant financial loss of approximately $12,000 as a result of the Merger and the materially false and misleading statements gives him a substantial incentive to monitor his counsel's litigation efforts and ensure his vigorous representation of the interests of former Cole stockholders.  Mr. Abadi has signed and filed a certification stating his willingness to serve as a representative party on behalf of the Class.  *See* Weiss Decl., Ex. B.

Accordingly, this factor supports the appointment of Movant as Lead Plaintiff.

**C.      Movant Meets the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

In addition to possessing a legitimate financial interest in the relief sought by the class, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.  Rule 23(a)(1)-(4).

Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the proposed lead plaintiff.  Consequently, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy of representation requirements, and only a preliminary showing is necessary.  *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 WL 2813133, at *4 (S.D.N.Y. Dec. 8, 2004).  Movant satisfies both of these prerequisites to serve as Lead Plaintiff.

### 1.      The Typicality Requirement

"The typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'"  *Linn*, 2004 WL 2813133, at *5.  Mr. Abadi satisfies the typicality requirement of Rule 23.  He and each member of the putative Class acquired ARCP shares pursuant to the same materially false and misleading Registration Statement.  His interests are strategically aligned with those of the entire Class of former Cole shareholders whom he seeks to represent.  Moreover, Defendants have no defense against Movant that is not applicable to the Class as a whole.  Put simply, Movant's claims are typical of those of other Class members because they all arise out of the

-6-

same course of events – the Merger and materially false and misleading Registration Statement. *See Linn*, 2004 WL 2813133, at \*5.  This factor, therefore, supports appointment of Movant as Lead Plaintiff.

### 2.     The Fair and Adequate Representation Requirement

"The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." *Id.*  As discussed above, Mr. Abadi's claims are identical to those of the other Class members such that his pursuit of those claims would not conflict with the rights or claims of any other member of the Class.   Moreover, Movant has submitted a sworn certification confirming his desire, willingness, and ability to serve as Lead Plaintiff in the Action.  *See* Weiss Decl., Ex. B.  Movant has also been actively pursuing this litigation by retaining qualified counsel experienced in securities litigation; drafting and filing his complaint; making   service;   moving   to   intervene   in   the   Delaware   litigation   to   prevent prejudice to the Class in this Action; and objecting to the proposed Release in the Baltimore litigation so that the claims herein be preserveed.

For all of these reasons, the Court should find that Mr. Abadi has satisfied Rule 23's typicality and adequacy inquiry at this stage of the proceedings which, along with Movant's timely filing of this Motion, further support his application for appointment as Lead Plaintiff.

### III.     <u>WEISSLAW SHOULD BE APPROVED TO SERVE AS LEAD COUNSEL</u>

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the putative class. In that regard, Mr. Abadi, as the presumptively most adequate lead plaintiff, has selected WeissLaw to serve as Lead Counsel for the class.

WeissLaw specializes in prosecuting large, complex class and derivative litigation in the fields of securities, corporate governance, and mergers and acquisitions.  *Id*.  The firm is amongst the nation's premier law firms representing shareholders in securities class and derivative litigation.  A copy of the firm's biography is attached as Ex. C to the Weiss Declaration.

## IV.    <u>CONCLUSION</u>

For the reasons stated herein, Movant has satisfied each of the PLSRA's requirements for appointment as Lead Plaintiff.  As such, Movant respectfully requests that the Court enter the [Proposed] Order submitted concurrently herewith, thereby appointing him as Lead Plaintiff and approving his chosen counsel, WeissLaw, to serve as Lead Counsel for the Class in the Action.

Date: December 29, 2014                                  Respectfully submitted,

                                                                    **WEISSLAW LLP**

                                                                    */s/ Joseph H. Weiss*
                                                                    Joseph H. Weiss

                                                                    1500 Broadway, 16th Floor
                                                                    New York, NY 10036
                                                                    Telephone: (212) 682-3025
                                                                    Facsimile: (212) 682-3010

                                                                    Proposed Lead Counsel for the Class and Counsel for Plaintiff Simon Abadi

## CERTIFICATE OF SERVICE

I, Joseph H. Weiss, hereby certify that a true and correct copy of the foregoing document was filed via the Court's ECF system and will be electronically served on all counsel of record.

Dated:  December 29, 2014                     */s/ Joseph H. Weiss*
                                                JOSEPH H. WEISS